

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

Nos. 02-19-00390-CR
02-19-00391-CR

EX PARTE ELIGAH DARNELL, JR.

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1037163D, 1575071D

---

## ABATEMENT ORDER

Although the clerk's record has been filed in this appeal, the reporter's record has not. After the court reporter informed appellant that the reporter's record had not been filed due to nonpayment and failure to provide a designation letter, appellant sent a written designation to the court reporter and filed a "Motion for Free Reporter's Record and Affidavit of Inability to Pay for Counsel and Reporter's Record" in this court and in the trial court.

An appellant who is unable to pay for the appellate record may ask the trial court to have the appellate record furnished without charge. *See* Tex. R. App. P. 20.2. If the trial court finds that the appellant cannot pay or give security for the appellate record, the trial court must order the reporter to transcribe the proceedings at no cost to appellant. *Id.* Accordingly, we abate the appeal and remand this case to the trial court.

The trial court shall conduct a hearing, with appellant, appellant's appointed trial counsel, the State's attorney, and the court reporter present, for the purpose of considering appellant's motion. At the hearing, the court shall make the following findings on the record:

1. Determine whether appellant is appealing issues or points that require a reporter's record;

2. If appellant intends to appeal issues or points requiring a reporter's record, determine whether appellant is indigent for purposes of obtaining a free reporter's record on appeal without regard to whether he would be entitled to appointed counsel on appeal, *see McFatridge v. State*, 309 S.W.3d 1, 5–6 (Tex. Crim. App. 2010);

3. If appellant is entitled to a free reporter's record on appeal, direct the court reporter to transcribe the proceedings and file the reporter's record with this court;

4. If appellant is not entitled to a free reporter's record on appeal, determine the exact date when appellant will arrange to pay for the reporter's record; and

5. Take any other measures that the trial court deems necessary to ensure that appellant does not forfeit his right to appeal.

The trial court shall make the required findings and file a record of the hearing in this court at the earliest practicable time; the trial court shall notify this court if more than thirty days is required to do so. The record shall include a supplemental reporter's record and supplemental clerk's record. On our receipt of the supplemental record, the appeal of this cause shall be reinstated automatically without further order.

We direct the clerk of this court to send a notice of this order to appellant, appellant's appointed trial counsel, counsel for the State, the trial court judge, the trial court clerk, and the court reporter.

Dated February 7, 2020.

Per Curiam